UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHEILA R. MUNOZ, and
RAYMOND MUNOZ,

      Plaintiffs,
v.                                   Case No. 8:20-cv-2311-VMC-AEP

CITIMORTGAGE, INC.,

      Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant CitiMortgage, Inc.'s Motion to Dismiss Second Amended Complaint (Doc. # 50), filed on March 24, 2021. Plaintiffs Sheila and Raymond Munoz responded on April 14, 2021. (Doc. # 51). For the reasons set forth below, the Motion is granted in part and denied in part.

**I.    Background**

Both the Court and parties are familiar with the facts of this Real Estate Settlement Procedures Act ("RESPA") case. Therefore, the Court need not reiterate them here. The Munozes initially filed this suit in state court on September 1, 2020. (Doc. # 1-2). CitiMortgage thereafter removed the case to this Court on October 1, 2020. (Doc. # 1). On November 23, 2020, the Court dismissed the complaint for failure to

1

plausibly plead damages under RESPA. (Doc. # 24). The Munozes filed an amended complaint and on February 11, 2021, the Court again dismissed the complaint for failure to plausibly plead damages, granting leave to amend. (Doc. ## 29; 37). On February 25, 2021, the Court denied the Munozes' motion for reconsideration of that order. (Doc. # 42).

On March 10, 2021, the Munozes filed a second amended complaint, which includes claims against CitiMortgage for various violations of Section 2605 of RESPA. (Doc. # 45). The Munozes seek "actual and statutory damages, interest, attorney's fees and costs[,] . . . and an ancillary declaratory judgment." (Id. at ¶ 103). On March 24, 2021, CitiMortgage moved to dismiss the second amended complaint. (Doc. # 50). The Munozes have responded (Doc. # 51), and the Motion is now ripe for review.

## II. **Legal Standard**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of

Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations and citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to "well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. **Analysis**

CitiMortgage moves to dismiss the second amended complaint, arguing that it again fails to adequately allege damages. (Doc. # 50 at 7). CitiMortgage contends that the Munozes have not sufficiently pled actual damages, subsequent litigation damages, credit harm, emotional distress, or statutory damages. (Id. at 7-20). Additionally, CitiMortgage argues that the Munozes' "demand for 'ancillary declaratory

3

relief' must . . . be stricken" because RESPA does not provide injunctive relief. (Id. at 21-22).

"RESPA establishes certain actions which must be followed by entities or persons responsible for servicing federally related mortgage loans, including responding to borrower inquiries." Tallent v. BAC Home Loans, No. 2:12-CV-3719-LSC, 2013 WL 2249107, at *3 (N.D. Ala. May 21, 2013). Because RESPA is a remedial consumer-protection statute, it should be "construed liberally in order to best serve [Congress's] intent." McLean v. GMAC Mortg. Corp., 398 F. App'x 467, 471 (11th Cir. 2010) (citation omitted).

To state a claim for failure to respond to a qualified written request ("QWR") under RESPA, a plaintiff must sufficiently allege the following: "(1) [the defendant] is a loan servicer; (2) [the defendant] received a QWR from [the plaintiff]; (3) the QWR relates to servicing of a mortgage loan; (4) [the defendant] failed to respond adequately; and (5) [the plaintiff] is entitled to actual or statutory damages." Porciello v. Bank of Am., N.A., No. 8:14-cv-1511-EAK-AEP, 2015 WL 899942, at *3 (M.D. Fla. Mar. 3, 2015).

"[D]amages are an essential element in pleading a RESPA claim." Renfroe v. Nationstar Mortg., LLC, 822 F.3d 1241, 1246 (11th Cir. 2016). "If a servicer fails to comply with

4

RESPA, then the borrower may recover 'any actual damages to the borrower as a result of the failure,' as well as statutory damages 'in the case of a pattern of noncompliance.'" Hernandez v. J.P. Morgan Chase Bank, No. 14-24254-CIV-GOODMAN, 2016 WL 2889037, at *6 (S.D. Fla. May 16, 2016) (quoting 12 U.S.C. § 2605(f)(1)). Actual damages include pecuniary damages, such as "out-of-pocket expenses incurred dealing with [a] RESPA violation," "late fees," and "denial of credit or denial [of] access to . . . [a] credit line." Mintu v. Nationstar Mortg. LLC, No. 1:14-CV-3471-ODE-JCF, 2015 WL 11622469, at *4 (N.D. Ga. Apr. 13, 2015) (citation omitted), report and recommendation adopted, No. 1:14-CV-3471-0DE-JCF, 2015 WL 11622473 (N.D. Ga. May 6, 2015). Plaintiffs may also recover non-pecuniary damages, including for emotional distress. Ranger v. Wells Fargo Bank N.A., 757 F. App'x 896, 902 (11th Cir. 2018). Importantly, to obtain actual damages, plaintiffs must "establish a causal link between" the alleged RESPA violation and their damages. Renfroe, 822 F.2d at 1246.

As to statutory damages, Plaintiffs may be entitled to "recover . . . up to $2,000 per violation if they can show the violation was part of a 'pattern or practice of noncompliance' with RESPA's requirements." Ranger, 757 F.

5

App'x at 901 n.2 (quoting 12 U.S.C. § 2605(f)(1)(B))). "[C]ourts have interpreted the term 'pattern or practice' in accordance with the usual meaning of the words." McLean v. GMAC Mortg. Corp., 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009). "'Pattern or practice' is not defined by a specific number of offenses; rather, the term suggests a standard or routine way of operating." Miranda v. Ocwen Loan Servicing, LLC, 148 F. Supp. 3d 1349, 1355 (S.D. Fla. 2015). "[T]he Eleventh Circuit [has] held that statutory damages may be sufficiently ple[d] where, in addition to the alleged RESPA violation against a plaintiff, the complaint alleges unrelated RESPA violations." Mejia v. Ocwen Loan Servicing, LLC, 703 F. App'x 860, 865 (11th Cir. 2017) (citing Renfroe, 822 F.3d at 1247).

Here, the Munozes allege the following actual damages: (1) "$6,049.01 for the payments they made to CitiMortgage that it failed to apply to their loan," (2) an additional $972.05 based on "two other payments that [the] Munozes sent to CitiMortgage that were confirmed debited from their checking account by CitiMortgage [but] were not credited to their loan," (3) "$1,359.91 for the escrow payments they made to CitiMortgage that it failed to properly credit to their loan escrow balance," (4) "$368 charged for unauthorized and

6

improper fees," (5) "a drop in credit rating and reduced access to credit," (6) "time and money spent in [a separate] lawsuit against Cenlar[,] including the costs and legal fees in the lawsuit," and (7) emotional distress. (Doc. # 45 at ¶¶ 56, 64-65, 73, 77-79, 84-86, 93-96). Additionally, the Munozes allege statutory damages based on CitiMortgage's "pattern or practice of non-compliance with the requirements of the mortgage service provisions of RESPA." (Id. at ¶ 97).

The Court finds that the Munozes have now plausibly alleged actual damages arising from CitiMortgage's purported RESPA violations. In the Court's prior orders, it noted that the complaints failed to sufficiently allege a causal connection between the alleged damages and RESPA violations. (Doc. ## 24, 37). The Court need not delve into each alleged form of damage at this juncture, as the complaint plausibly demonstrates a causal link between the Munozes' emotional distress and CitiMortgage's failure to correct the purported errors identified in the QWR. See Nelson v. Nationstar Mortg., LLC, --- F. Supp. 3d ----, 2020 WL 7029896, at *6 (S.D. Ala. Nov. 30, 2020) ("Plaintiffs have pleaded . . . emotional distress, which . . . may qualify as 'actual damages' for RESPA purposes.").

The second amended complaint states that the emotional

7

distress stemmed not from CitiMortgage's alleged failure to recast their loan, but rather "CitiMortgage's failure to adequately respond to the QWR[.]" (Doc. # 45 at ¶ 93). The Munozes explain that they expected CitiMortgage to follow RESPA's requirements by conducting an investigation into their loan account's errors, and that the failure to do so caused them "emotional and psychological trauma from the uncertainty over whether they would ever be able to resolve the errors." (Id. at ¶ 95). Taken together with the other facts alleged, this is sufficient. See Ranger, 757 F. App'x at 902 ("Of course, it would have been better if Plaintiffs had alleged more details about how they suffered emotional distress. But construing Plaintiffs' allegations in the light most favorable to them and affording them all reasonable inferences, we find that Plaintiffs have adequately alleged that their emotional distress was causally linked to Wells Fargo's RESPA violations."); Hopkins v. PHH Mortg. Corp., No. 2:18-cv-00042-RWS-JCF, 2019 WL 3526502, at *12 (N.D. Ga. May 30, 2019) ("Plaintiff has plausibly alleged that she . . . experienced emotional distress due to PHH's . . . failure to investigate and correct its servicing errors identified in Plaintiff's August 4, 2017 QWR[.]"), report and recommendation adopted, No. 2:18-CV-00042-RWS-JCF, 2019 WL

5483785 (N.D. Ga. Sept. 6, 2019). Therefore, the Court finds that the Munozes' have sufficiently alleged actual damages resulting from CitiMortgage's purported RESPA violations.

As to statutory damages, the Munozes aver that "CitiMortgage has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA." (Doc. # 45 at ¶ 97). Specifically, "CitiMortgage has failed to comply with its servicing duties under RESPA to adequately respond to a QWR or failed to respond at all to borrowers in Washington in June 2017, Missouri and Colorado in April 2011, Virginia in April 2013, Georgia and Kansas in June 2012 and Texas in December 2010." (Id. at ¶ 99). In alleging such a pattern or practice, the Munozes also note that the "Consumer Financial Protection Bureau [('CFPB')] charged CitiMortgage with systematic violation of RESPA and Regulation X and CitiMortgage agreed to a consent order against it in 2017-CFPB-0005 on January 23, 2017." (Id. at ¶ 100).

Viewing these allegations' in the light most favorable to the Munozes, the Court finds that the second amended complaint also sufficiently alleges a claim for statutory damages. See Sutton v. Ocwen Loan Servicing, LLC, No. 16-cv-81234-BLOOM/Valle, 2016 WL 4417688, at *4 (S.D. Fla. Aug. 19,

9

2016) ("[T]he Eleventh Circuit held that statutory damages may be sufficiently ple[d] where, in addition to the alleged RESPA violation against a plaintiff, the complaint alleges unrelated RESPA violations."); see also Renfroe, 822 F.3d at 1247-48 ("Disclosing the identities of other borrowers, the dates of the letters, and the specifics of their inquiries is not a prerequisite to pleading statutory damages[.]").

Finally, as to CitiMortgage's argument that the Munozes' claim for ancillary declaratory relief is improper, the Court agrees. (Doc. # 50 at 21-22). The Munozes seek a "declaratory judgment that CitiMortgage must provide the requested loan information and correct the errors." (Doc. # 45 at ¶ 103). The Court begins by noting that the Munozes have provided no authority supporting the availability of equitable or injunctive relief under RESPA. (Doc. # 45, 51). And, courts generally agree that no such relief is available. See Rodriguez v. Ocwen Fin. Corp., No. 17-cv-60574-BLOOM/Valle, 2017 WL 3593972, at *7 (S.D. Fla. Aug. 21, 2017) (citing cases); Lutman v. Ocwen Loan Servicing, LLC, No. 1:19-CV-01325-SGD-LTW, 2020 WL 7407322, at *4 n.1 (N.D. Ga. Feb. 14, 2020) ("The Court also notes that although Plaintiff seeks certain equitable or injunctive relief, RESPA provides for neither." (citations omitted)). Thus, the Court cannot grant

relief directing CitiMortgage "to provide the requested loan information and correct the errors." (Doc. # 45 at ¶ 103).

And to the extent the Munozes are seeking a declaratory judgment stating that CitiMortgage's conduct violated RESPA, the Court finds this request already subsumed within the Munozes' damages claim. See Smalls v. New Penn Fin., LLC, No. 8:20-cv-2312-WFJ-JSS, 2021 WL 1530840, at *4 (M.D. Fla. Apr. 19, 2021) ("This count attempts to obtain the same relief as sought in most of the other counts – to stop Shellpoint from seeking escrow and other fees in the future. Plaintiff may not attempt to obtain declaratory relief when all of the same issues are raised in and 'subsumed within' other counts. This count is dismissed with prejudice." (citations omitted)); see also Garrison v. Caliber Home Loans, Inc., 233 F. Supp. 3d 1282, 1296 (M.D. Fla. Jan. 10, 2017) ("These requests simply seek a judicial restatement of what is already set forth in statutes. If such relief were appropriate, it would be provided for under . . . RESPA. It is not, so the Court declines to exercise its discretion to consider the equitable relief of a declaratory judgment."). Therefore, the second amended complaint is dismissed insofar as it requests such declaratory or injunctive relief.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant CitiMortgage's Motion to Dismiss Second Amended Complaint (Doc. # 50) is **GRANTED** in part and **DENIED** in part.

(2) The second amended complaint is **DISMISSED** only to the extent it seeks declaratory or injunctive relief. The second amended complaint remains as to the Munozes' claims for damages under Section 2605 of RESPA.

(3) CitiMortgage's answer to the second amended complaint is due by **May 20, 2021.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of May, 2021.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE